**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**THOMPSON,** *et al.*                                             **CIVIL ACTION**

**VERSUS**                                                                      **No. 06-8160**

**ZC STERLING INSURANCE AGENCY, INC.,** *et al.*           **SECTION:  I/2**


## ORDER

Before the Court is the motion to remand filed on behalf of plaintiffs, Denise and Eric

Thompson.  Plaintiffs allege that the Court does not have subject matter jurisdiction and that this

case should be remanded to state court.  For the following reasons, plaintiffs' motion is

**DENIED**.

### *BACKGROUND*

Plaintiffs owned property in Slidell, Louisiana that was extensively damaged on August

29, 2005, when Hurricane Katrina made landfall in the New Orleans area.  Plaintiffs' property

was insured by defendant ZC Sterling Insurance Agency, Inc. ("ZC Sterling").  Plaintiffs filed a

complaint in state court on August 29, 2006, alleging that defendant refused to pay for all of the

damages to plaintiffs' property.  Plaintiffs claim that ZC Sterling failed to properly advise them

as to excess flood insurance and failed to procure the necessary insurance.[1]  Plaintiffs also seek a

---

[1]Rec. Doc. No. 1-2, p. 5.

declaratory judgment that their insurance policy applies to all of the losses that they suffered.[2] Plaintiffs contend that they are entitled to penalties and attorney's fees for ZC Sterling's alleged bad faith failure to pay their claims.  ZC Sterling is a foreign corporation, while plaintiffs are Louisiana citizens.

In addition to ZC Sterling, plaintiffs also sued AAA Contractor Services ("AAA"), a "nominee corporation."[3]  Plaintiffs hired AAA to repair the damage to their property and now dispute the charges and fees billed by these contractors as "excessive, unfair, burdensome, and unjustified."[4]  Plaintiffs seek declaratory judgments as to the reasonableness of the amounts paid to AAA and a refund of any amount deemed excessive or unreasonable.[5]  Plaintiffs state that AAA is "authorized to do . . . business in the State of Louisiana . . . and within the jurisdiction of this Honorable Court."[6]

On October 16, 2007, ZC Sterling removed plaintiffs' case to this Court and argued that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant stated that AAA had been improperly joined in an effort to defeat diversity.[7]  Plaintiffs filed this motion to

---

[2]Rec. Doc. No. 1-2, p. 4.

[3]Rec. Doc. No. 1-2, p. 2.

[4]Rec. Doc. No. 1-2, p. 6.

[5]Rec. Doc. No. 1-2, p. 7.

[6]Rec. Doc. No. 1-2, p. 2.

[7]In its removal petition, ZC Sterling argues that the Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1369(a).  Rec. Doc. No. 1, pp. 13-15.  This Court has previously rejected this statute as a proper basis for jurisdiction in similar cases.  *See, e.g.*, *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006).  Counsel for ZC Sterling did not renew this jurisdictional arguments in response to plaintiffs' motion to remand, and the Court finds no need to reiterate its previous reasoning.  The Court, however, incorporates the applicable legal standard and analysis with respect to jurisdiction pursuant to 28 U.S.C §§ 1369(a) from its prior opinions as though fully written herein.

remand on November 14, 2006.

*LAW AND ANALYSIS*

## I. Standard of Law

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

## II. Discussion

*A.  Diversity of Citizenship*

Plaintiffs argue that their case should be remanded because the parties are not completely diverse; plaintiffs contend that AAA is "authorized and doing business in the State of Louisiana" and has not been improperly joined.  AAA, however, appears to be a fictitious name to represent the party that plaintiffs employed to repair their property.  Plaintiffs have not served AAA, and they include no identifying information regarding this party in their petition or memorandum.

28 U.S.C. § 1441(a) provides that, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."[8]  Considering Congress's unambiguous language in this statue, the Court will ignore AAA for the purpose of determining the diversity of the parties.  There is no dispute that ZC Sterling is a foreign corporation and that plaintiffs are citizens of Louisiana; accordingly, the Court finds that complete diversity exists.[9]

B.  *Amount in Controversy*

Plaintiffs argue that the $75,000 threshold needed to satisfy diversity jurisdiction under 28 U.S.C. § 1332 has not been met.  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Manguno*, 276 F.3d at 723.  It has long been recognized that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Reinsurance Co., LTD. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)

---

[8]Section 1441(a) reads, in full:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

[9]As Judge Vance noted in *Whiddon v. Wal-Mart Stores, Inc.*, No. 04-2072, 2004 U.S. Dist. LEXIS 26121, at * 4-5 (E.D. La. Dec. 30, 2004), some courts in this District have recognized an exception to the strictures of § 1441(a):

Notwithstanding the apparent clarity of [§ 1441(a)], several district courts have found that, in certain circumstances, a court may consider an unnamed defendant's citizenship.  *See, e.g.*, *Tompkins v. Lowe's Home Ctr.*, 847 F. Supp. 462, 464 (E.D. La. 1994); *Culbertson v. Shelter Mut. Ins. Co.*, No. 97-1969, 1997 U.S. Dist. LEXIS 15570, at *2 (E.D. La. Sept. 30, 1997).  They reason that when plaintiff's complaint provides a definite clue about the identity of a fictitious defendant, a court should consider the fictitious defendant's citizenship.  *See Tompkins*, 847 F. Supp. at 464; *Culbertson*, 1997 U.S. Dist. LEXIS 15570, at *2.

Like Judge Vance, however, this Court is not convinced that the plain language of § 1441(a) permits such an exception.  Moreover, plaintiffs' vague allegations against AAA in their state court petition do nothing to hint at the identity of this putative defendant.

(quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 2d 845 (1938)).  However, "when a complaint does not allege a specific amount in damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253 (*citing Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995) (holding that the court should determine whether it is more likely than not that the amount of the claim will exceed the jurisdictional amount)).

A defendant has two means of demonstrating the jurisdictional amount has been met:  1) showing that it is "facially apparent" on the complaint that the claim exceeds the jurisdictional amount, and 2) producing "summary judgement-type" evidence that supports the allegation that the requisite amount in controversy is met. *St. Paul Reinsurance*, 134 F.3d at 1253; *Creole Cottage Condominiums Assoc. v. State Farm Fire & Cas.*, No. 06-7892, 2006 U.S. Dist. LEXIS 94158, at *4 (E.D. La. Dec. 28, 2006); *Whitfield v. State Farm Mut. Auto. Ins. Co.,* No. 06-1240, 2006 U.S. Dist. LEXIS 27116, *2 (E.D. La. May 5, 2006) (Berrigan, C.J.); *Allen v. DISA, Inc.*, No. 04-3476, 2006 U.S. Dist. LEXIS 8111, at *4 (E.D. La. Mar. 8, 2006).

The Court must look at the claims as they existed at the time of removal, and any ambiguities are strictly construed in favor of remand. *Manguno*, 276 F.3d at 723.  In considering whether the defendant has met the preponderance standard, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Franklin v. State Farm Ins. Co.*, No. 06-5858, 2006 U.S. Dist. LEXIS 73701, at *2 (E.D. La. Oct. 10, 2006) (Barbier, J.) (citation omitted).  If the defendant meets its burden, then "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the

damages for which he has prayed in the state court complaint."  *De Aguilar v. Boeing Co.*, 47

F.3d 1404, 1411 (5th Cir. 1995).  This is known as the "legal certainty test."  *Id.*  It is "not a

burden-shifting exercise."  *Id.* at 1412.  The Fifth Circuit has suggested that this burden may be

satisfied by demonstrating that state law prevents recovery in excess of $ 75,000 or that the

plaintiffs are somehow "bound irrevocably" to an amount under the federal jurisdiction limit.  *Id.*

at 1412.

Plaintiffs do not list a specific amount of damages in their complaint, and the amount in

controversy is not facially apparent from plaintiffs' petition.  Defendant has provided affidavit

evidence detailing the limits of plaintiffs' coverage under both their homeowners and flood

insurance policies, as well as the differences between the limits of the policies and the amounts

paid by defendant.[10]  In its removal petition, defendant also notes that, "[i]n addition to the claim

for damages for breach of insurance contract, plaintiff seeks additional recovery for damages for

intentional infliction of emotion distress, loss of use and enjoyment of property, diminution in

value of the property, repair and remediation expenses, mental anguish, and attorney's fees."[11]

Defendant has shown that the amount in controversy exceeds $75,000, exclusive of interest and

costs; therefore, the Court finds that defendant has carried its burden with respect to the amount

---

[10]*See* Rec. Doc. No. 11-4, p. 2.  Defendant indicates that the difference between the coverage limits and the amounts paid on plaintiffs' homeowner's insurance policy exceeds $86,000.

[11]Rec. Doc. No. 1, p. 12.  Plaintiffs argue that defendant has not offered any documentation or specific information regarding the amount of their claim for attorney's fees.  Claims for attorney's fees and penalties pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied.  *See, e.g., Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Poynot v. Hicks*, No. 02-2068, 2002 U.S. Dist. LEXIS 17272, at *3 (E.D. La. Sept. 12, 2002) (Zainey, J.) (considering claims for penalties and attorney's fees pursuant to the Louisiana Insurance Code in determining whether amount in controversy requirement was satisfied).  Considering defendant's other proof of the amount in controversy in this matter, as well as the accumulated claims that plaintiffs have made, the Court is confident that defendant has carried its burden of proof.

in controversy requirement of § 1332.

Other than contesting whether defendant has met its burden on this issue, plaintiff offers no evidence and little argument that its claims for damages will not exceed $75,000.  The Court does not find that plaintiff has met the "legal certainty" test.  Complete diversity exists between the named parties and the amount in controversy requirement is met.  Therefore, the Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[12]  If plaintiffs later identify AAA as a citizen of Louisiana, the Court will reevaluate its jurisdiction at that time.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs, Denise and Eric Thompson,[13] is **DENIED**.

New Orleans, Louisiana, April __11th__, 2007.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[12]Defendant also argues that this Court has subject matter jurisdiction because this case will involve the interpretation of a flood insurance policy pursuant to the National Flood Insurance Act ("NFIA"), which raises a federal question.  Rec. Doc. No. 1, pp. 15-21.  Plaintiffs argue that their claims do not implicate the NFIA because plaintiffs did not name their flood insurance carrier as a defendant.  Rec. Doc. No. 6-2, p. 9.  According to defendant's affidavit, however, ZC Sterling is the program manager plaintiff's flood insurance policy.  Rec. Doc. No. 11-4, p. 1.  Considering its finding that diversity jurisdiction exists, the Court declines to determine whether federal question jurisdiction exists as well.  The Court notes, however, that plaintiffs' allegations appear to be limited to claims relating to defendant's failure to advise plaintiffs appropriately and procure the correct flood insurance.  Claims related to the procurement of flood insurance do not present a federal question.  *See Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 U.S. Dist. LEXIS 67537, at *13 (E.D. La. Sept. 20, 2006).

[13]Rec. Doc. No. 6.